IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBEKAH GRAHAM, | |
| Plaintiff, | Civ. Action No. 16-3676 |
| v. | Honorable Joseph F. Leeson, Jr. |
| HENDRIX-ISA, LLC AND HENDRIX GENETICS, | |
| Defendants. | |

**DEFENDANTS' PRETRIAL MEMORANDUM**

Defendants Hendrix-ISA, LLC and Hendrix Genetics, by counsel, and in accordance with Local Rule 16.1(c) of the Eastern District of Pennsylvania, state the following as their pretrial memorandum in this case:

1. **Nature of the Action and Basis for Jurisdiction**

This Court has subject matter jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* and the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k). The Court may exercise pendent jurisdiction over Plaintiff's state law claim arising under the Pennsylvania Human Relations Act ("PHRA") pursuant to 28 U.S.C. § 1367.1.

2. **Brief Statement/Counter-Statement of the Facts**

In January 2015, a brand new company – Hendrix-ISA, LLC – was formed via the acquisition of three distinct entities: Penn Embryo, Inc. and Pennovo, Inc. in Ephrata, Pennsylvania; and Midwest Farms, LLC's Brickland Hatchery in Blackstone, Virginia. The administrative changes from these acquisitions were sizeable: tripling in size to over 100

5642879.1

employees across three locations; establishing a headquarters in Ephrata; transferring accounts and contracts to the new entity; coordinating three payroll systems and schedules; evaluating and selecting health insurance vendors and plans and transitioning employees from disparate plans onto one plan; hiring a new Chief Financial Officer/Director of Finance (CFO) and creating and staffing a finance department; and implementing a new accounting program and transferring financial data, accounts payable/accounts receivable. Hendrix-ISA outsourced its accounting function to an entity called Happy Chicken, and contracted with an outside vendor, Paychex, Inc., to assist with the human resources, payroll and benefits functions. The new CFO was hired to create a finance department and bring the accounting function back in-house by years' end.

Plaintiff was an employee of Penn Embryo in Ephrata before the acquisition, performing human resource and administrative functions. Hendrix-ISA hired Plaintiff on January 16, 2015 knowing she was pregnant. At that time, Plaintiff's job title, responsibilities and salary of $54,000 per year remained the same; actual hours were based on business needs. Recognizing the need to evaluate the administrative and financial functions, Hendrix-ISA stated in the offer letter that job titles and responsibilities along with wages and hours worked would be reviewed and subject to change. In fact, Plaintiff recommended this language in all offer letters including her own.

Plaintiff worked for Hendrix-ISA for a short 4 weeks before taking maternity leave starting in mid-February 2015. Hendrix-ISA approved 8 weeks of leave certified by her doctor, and covered her under short term disability. Plaintiff requested an additional four weeks of leave, which Hendrix-ISA granted. Plaintiff returned to work on May 13, 2015 with the same salary and benefits, performing the important assignments of evaluating health insurance providers, selecting a provider and plans, and enrolling employees – among the same responsibilities held prior to her leave.

In March 2015, Hendrix-ISA hired Felix O'Aku as its new CFO. Mr. O'Aku was tasked with reorganizing the administrative and financial functions across the Brickland VA and Ephrata PA sites. Coincident with Plaintiff's return to work, Mr. O'Aku asked all of the support team – Anna Bass and Senitra Fowlkes in Blackstone, and Plaintiff and Cathlyn Weidman in Ephrata – to detail their current duties and estimated time spent on each task. Also in May 2015, Mr. Mumm sent out a memo to the affected managers and administrative staff explaining the restructuring that would occur over the next few months. Mr. O'Aku instructed the support team, including Plaintiff, that their existing positions and responsibilities would be restructured and that they should not use their previous titles because it was not certain that those positions would exist. In the interim, Plaintiff continued to receive the same salary and benefits, and Mr. O'Aku gave her specific high-priority assignments.

Plaintiff worked for 6 weeks before taking a 2-week vacation from June 24 to July 8, 2015. During that time, she received a written warning and an incident report for her conduct after her return to work. Specifically, within a week of her return to work, a production employee complained that Plaintiff was disrespectful to her when she showed up in wet clothing. It was not the comment that resulted in Plaintiff receiving a written warning – it was her lack of honesty when the Operations Director, Doug Metzler, asked Plaintiff about the incident. Plaintiff told Mr. Metzler that she had had no interaction with the employee, which turned out not to be true.

Plaintiff also received an Incident Report for opening mail addressed to Mr. O'Aku that contained sensitive, confidential company credit card information. She opened the package despite Mr. O'Aku's specific instructions the week earlier that she was not to open mail addressed to Peter Mumm or himself. Plaintiff admits that she opened the package and admits

that she never looked to see to whom it was addressed. Mr. O'Aku gave her that instruction because Plaintiff had opened mail addressed to Mr. Mumm that contained confidential banking information including a PIN number to access company funds.

On July 10, 2015, Mr. O'Aku announced three restructured administrative positions in each of the Ephrata PA and Blackstone VA locations: Executive Assistant/Office Manager; Accounts Payable/Receivable Clerk; and Receptionist/Office Assistant. Plaintiff applied for all positions in Ephrata, and interviewed for the positions. For financial reasons, Hendrix-ISA pulled the AP/AR Clerk position in Ephrata and restructured the Office Assistant position to h have AP/AR duties. Hendrix-ISA offered the Ephrata Executive Assistant/Office Manager position to Cathlyn Weidman, who it believed to be most qualified based upon her prior experience in similar roles with Pennovo, Inc., her experience with Penn Embryo, Inc., her performance during the transition to Hendrix-ISA, and her prior managing experience. Ms. Weidman performed many of the same human resources and administrative tasks for the Pennovo, as well as additional record keeping and reporting for truck drivers, maintaining farm records, accounts payable, delivery, and invoicing. Notably, Plaintiff admits that Ms. Weidman was qualified for the Office Manager position, and she was happy for her. Hendrix-ISA offered Plaintiff the restructured AP/AR/Office Assistant position, at a salary of $38,000 plus benefits, which Plaintiff rejected. Hendrix-ISA also discussed with Plaintiff the Executive Assistant/Office Manager positon in Virginia, but she would not consider it because it would require moving her family. Thus, consistent with its restructuring memo, Hendrix-ISA offered Plaintiff a severance package, which she also rejected.

Defendants contend that Plaintiff was not pregnant nor "affected by pregnancy, childbirth, or related medical conditions" at the time of the employment decision, which

4

occurred over 5 months after she gave birth. Furthermore, when pressed at her deposition for her evidence of discrimination, Plaintiff responded that the only thing that had changed since she was hired was her having a baby and going out on maternity leave, which is entirely contrary to the evidence of the substantial change taking place at the time. At the end of the day, the Pregnancy Discrimination Act does not require an employer to reinstate a pregnant employee to the same position she held prior to leave, only that it treat a pregnant woman in the same fashion as any other temporarily disabled employee; there are no such comparators in Hendrix-ISA's brief existence, and Hendrix-ISA reinstated Plaintiff to perform the same tasks that were among those she had performed prior to her leave, with the same salary and benefits.

With regard to her novel sex-plus "female caregiver" claim under Title VII, Plaintiff cannot point to a single male employee who was treated more favorably. Hendrix-ISA interviewed all of the incumbents, all of whom are "female caregivers," who made up its administrative staff in Ephrata and Blackstone, and offered each of them, including Plaintiff, a position in the newly restructured finance department. No male was interviewed, considered or offered one of the positions. The decision to offer Plaintiff the Office Assistant position was based on who the Company believed was the most qualified person, and had nothing to do with Plaintiff's status as a "female caregiver."

Defendants also contend that Plaintiff has not named a proper party defendant in "Hendrix Genetics." Moreover, "Hendrix Genetics, LLC" was not formed until June 10, 2016 – nearly a year after Plaintiff left the employ of Hendrix-ISA, LLC, therefore it is not and never could have been her employer.

A little over two months after she rejected Hendrix-ISA's offer, Plaintiff was hired as Administrative Manager with Scraper Systems at a salary of $50,000 plus a benefit stipend of

5

$500 per month – a salary higher than the Office Assistant position and substantially equivalent to highest paying administrative position at Hendrix-ISA following the restructuring.  By December 2015, Plaintiff was hired as Staff Accountant with Morphy Auctions with a salary of $55,000 plus benefits, earning more than she had with Penn Embryo and with Hendrix-ISA, LLC prior to the restructuring.

3. **Monetary Damages**

Defendants do not claim monetary damages.  Defendants submit that Ms. Graham is not entitled to the damages that she seeks.  Even if the jury were to find Hendrix liable for discrimination, Defendants contend that any back pay or front pay award from this Court should be cut off at the time that Defendants became aware that Plaintiff had downloaded a mirror image copy of her e-mails to her home laptop, forwarded sensitive and confidential company information to her personal e-mail and her attorney, and failed to notify or return the information to Hendrix-ISA upon her separation from employment in violation of the company's Non-Disclosure and Confidential Information Agreement.  Defendants also assert a *Kolstad* defense to any award of punitive damages.

4. **Witness List**

   (a) Liability Witnesses:

| Name | Address | Substance of Testimony |
|---|---|---|
| Plaintiff Rebekah Graham | 617 W. 3rd Avenue Lititz, PA  17543 | Defendants anticipate having Ms. Graham testify to damages, its affirmative defenses, including the after acquired evidence defense, mitigation, and the *Kolstad* defense. |
| Peter Mumm | 621 Stevens Road Ephrata, PA 17522 | Mr. Mumm will testify to the formation of Hendrix ISA, LLC and the change to the organizations, the decision to hire Ms. Graham, terms and |

| Name | Address | Substance of Testimony |
|---|---|---|
| | | conditions of Ms. Graham's employment and her leave, the development of the employee handbook and policies, the scope of the services agreement with and role of Paychex, the hiring of Mr. O'Aku, the restructuring, and the relationship of the corporate entities affiliated (or not) with Hendrix-ISA, LLC, and Defendants' affirmative defenses |
| Doug Metzler | 621 Stevens Road<br>Ephrata, PA 17522 | Mr. Metzler will testify to his experience at Penn Embryo and Pennovo, his experience working with Ms. Weidman, the formation of Hendrix ISA, LLC and the change to the organizations, terms and conditions of Ms. Graham's employment and her leave, duties of Ms. Graham and Ms. Weidman, errors with his insurance enrollment, the discipline of Ms. Graham, the restructuring, the interviews of the candidates for the restructured finance department, the employment decisions resulting from the reorganization, and Defendants' affirmative defenses. |

5642879.1

| Name | Address | Substance of Testimony |
|---|---|---|
| Felix O'Aku | 4520 Tylers Terrace<br>West Chester, OH 45069 | Mr. O'Aku will testify to his experience, the expectations of and his employment at Hendrix-ISA, his interactions with Ms. Graham, his interactions with Paychex, the discipline of Ms. Graham, the restructuring, the interviews of the candidates for the restructured finance department, the employment decisions resulting from the reorganization, and Defendants' affirmative defenses. |
| Gabriel Marston | 135 S. Epes Street<br>Blackstone, VA  23824 | Mr. Marston will testify to the formation of Hendrix ISA, LLC and the change to his role and that of others' who reported to him in the organization, the reorganization, and any statements he allegedly made regarding Ms. Graham. |
| Kyle Wagner | 1261 Division Highway<br>Ephrata, PA  17522 | Mr. Wagner will testify to his experience working with Ms. Weidman and Penn Embryo's policies |
| Cathlyn Weidman | 247 S. Reamstown Road<br>Ephrata, PA  17522 | Ms. Weidman will testify to her employment with Penn Embryo, her employment with Pennovo, her interactions with Ms. Graham, her duties at Penn Embryo, Pennovo and Hendrix, her experience, and to rebut testimony of Ms. Graham. |
| Senitra Fowlkes | 135 S. Epes Street<br>Blackstone, VA  23824 | Ms. Fowlkes will testify to her employment and duties at the Brickland VA facility, the change brought about by the formation of Hendrix-ISA, the reorganization, her selection for the Office Manager position in Brickland, and her female caregiver status. |
| Stacee Charlton | 5080 Tuttle Crossing Blvd., #450 | Ms. Charlton will testify to her |

5642879.1

| Name | Address | Substance of Testimony |
|---|---|---|
| (by deposition) | Dublin, OH 43016 | role at Paychex, the services provided by Paychex to Hendrix-ISA, and her interactions with Hendrix-ISA and Mr. O'Aku. |

    **(b)** Damages Witnesses:

| Name | Address | Substance of Testimony |
|---|---|---|
| Plaintiff Rebekah Graham | 617 W. 3rd Avenue Lititz, PA 17543 | Defendants anticipate having Ms. Graham testify to damages, their affirmative defenses, including the after acquired evidence defense, mitigation, and the *Kolstad* defense. |
| Peter Mumm | 621 Stevens Road Ephrata, PA 17522 | Mr. Mumm will testify to damages, affirmative defenses, including the after acquired evidence defense and the *Kolstad* defense. |
| Doug Metzler | 621 Stevens Road Ephrata, PA 17522 | Mr. Mumm will testify to damages, affirmative defenses, including the after acquired evidence defense and the *Kolstad* defense. |

    **(c)** Expert Witnesses: N/A

5. **Joint Schedule of Listing of Exhibits:**

See attached. Defendants reserve the right to introduce documents at trial to be used to refresh the recollection of any witness or to impeach the testimony and/or credibility of any witness.

6. **Length of Trial:**

Defendants anticipate 4-5 trial days total.

7. **Special Comments:**

    (a) **Objections to Plaintiff's Exhibits, Expert Witnesses, Evidence (including deposition designations), and/or admissibility of opinion testimony:**

- 

9

- P-1 Plaintiff's resume.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-8.  Information pulled from the internet and websites regarding "Hendrix Genetics."  (*See* Plaintiff's Ex. P-8)  Defendants object to this category of document under Fed. R. Evid. 901 as not being capable of being properly authenticated.  Websites are not self-authenticating.  *See, e.g.*, *Victaulic Co. v. Tieman,* 499 F.3d 227, 236 (3d Cir. 2010) (holding District Court should not take judicial notice of facts about a business based on information contained in a website at the motion to dismiss stage without authentication). The printout of a page from the website at P-8 does not bear the indicia of reliability under Fed. R. Evid. 902.  Plaintiff does not contemplate testimony from the webiste's owner or operator.  Moreover, there is no basis to establish that the date that this was printed out, 5/23/17, bears any relationship to the circumstances regarding Hendrix Genetics companies two years ago, when Plaintiff was an employee of Hendrix-ISA, LLC.

- P-11 and P-12 letters to "Dear Hiring Manager."  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801.

- P-13 print out from Tri-Starr.  Defendants object to this Exhibit as hearsay under Fed. R. Evid. 801.

- P-15 "Penn Embryo, Inc. Office Manager/HR Administrator Job Descriptions.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-19.  Personnel Practices Manual of "MGA".  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object to the authenticity of this document under Fed. R. Evid. 901.

- P-20 Age Band Rate Sheet.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object to the authenticity of this document under Fed. R. Evid. 901.

- P-22 12/24/14 Email from Peter Pluk. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-24 12/24/14 E-mail from Peter Pluk.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-26 Employee Profile Rebekah Graham. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters

contained within it.  Defendants also object as it contains hearsay within hearsay.  Defendants also object to the authenticity of this exhibit under Fed. R. Evid. 901.

- P-26 Employee Profile Rebekah Graham. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.  Defendants also object to the authenticity of this exhibit under Fed. R. Evid. 901.

- P-30 2015 Attendance Folder for Cathlyn Weidman.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object to the authenticity of this exhibit under Fed. R. Evid. 901.

- P-31.  Handwritten notes.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.  Defendants also object to the authenticity of this exhibit under Fed. R. Evid. 901.

- P-32.  E-mail string between Doug Metzler and Bruce Lackey. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-33. 1/12/15 E-mail string between Stacee Charlton and Peter Pluk and others.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-34.  1/13/15 E-mail string between Wm Lemmens and Plaintiff and others.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-35.  1/14/15 E-mail string between Peter Pluk and Peter Mumm.  1/12/15 E-mail string between Stacee Charlton and Peter Pluk and others. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-36.  1/15/15 E-mail string between Peter Pluk and Becca Graham and others.  1/12/15 E-mail string between Stacee Charlton and Peter Pluk and others.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants also object as it contains hearsay within hearsay.

- P-39.  1/21/15 E-mail string between Plaintiff abd Erik Mobach. 1/12/15 E-mail string between Stacee Charlton and Peter Pluk and others. Defendants object to

11

this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-40. 1/22/15 E-mail from Plaintiff to Doug Metzler. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-41. 1/23/15 Email from Plaintiff to Karen Conley. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-42. 1/26/15 E-mail from Angela Kincaid to Plaintiff. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-43. 1/28/15 E-mail from Jennifer Traylor to Plaintiff. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants also object to the attachment as it is hearsay under Fed. R. Evid. 801 and to the authenticity of the document under Rule 901.

- P-44. 1/28/15 E-mail string between Becca Graham and Kristin Weeks from Aflac. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay.

- P-45. 1/30/15 E-mail from Joseph Carpenter of Paychex. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-46. 1/30/15 E-mail from Plaintiff to Peter Mumm. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-47. 2/2/15 E-mail string between Plaintiff and Amy White. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay.

- P-48. 2/4/15 Email from Plaintiff to Peter Mumm. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-49 2/5/15 Email string between Plaintiff and Stephen Yurik. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay.

- P-50. 2/6/15 E-mail from Plaintiff to Kyle Wagner. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-51. 2/9/15 Email string between Plaintiff and Doug Metzler. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-52. 2/11/15 E-mail from Plaintiff to Ken Alvarez. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-53. 2/12/15 E-mail string between Peter Pluk and Stacee Charlton. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay. Defendants further object to authenticity under Fed. R. Evid. 901.

- P-54. 2/12/15 E-mail string between Plaintiff and James Wynn of Paychex. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay.

- P-55 2/12/15 E-mail string between Plaintiff and Jennifer Traylor of Paychex and Amy White of Fulton. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay.

- P-56. 3/26/15 E-mail from Stacee Charlton of Paychex to Peter Mumm and Plaintiff, with attachment. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay. Defendants further object to authenticity under Fed. R. Evid. 901.

- P-57. 3/3/15 E-mails from Plaintiff to Doug Metzler and others. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object as it contains hearsay within hearsay. Defendants further object to authenticity under Fed. R. Evid. 901.

- P-58. 3/12/15 E-mail from Stacee Charlton to Peter Mumm. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-59. 3/26/15 E-mail from Stacee Charlton to Peter Mumm. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

5642879.1

- P-61.  3/27/15 E-mail from Cathlyn Weidman to Plaintiff.  Defendant object to this Exhibit as it contains hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-62.  4/28/15 E-mail from Plaintiff to Peter Mumm. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-63  4/28/15 E-mail from Plaintiff to Peter Mumm and others. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-64.  4/30/15 E-mail from Cathlyn Weidman to Anna Bass and others, and the attachment thereto.  Defendants object to the attachments as they contain the person information (dates of birth) of the entire workforce of Hendrix-ISA at the time.

- P-65.  Calendar.  Defendants object to the authenticity of this document under Fed. R. Evid. 901.

- P-66.  E-mail from Plaintiff to Felix O'Aku. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-68.  E-mail from Ms. Graham to Mr. O'Aku.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-69. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants further object to authenticity under Fed. R. Evid. 901.

- P-71.  5/15/15 E-mail string between Plaintiff and Jennifer Grillo at Paychex.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants further object as it contains hearsay within hearsay.

- P-72.  5/19/15 E-mail between Felix O'Aku and Stacee Charlton.  Defendants object to this Exhibit as it contains hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P75.  5/21/15 E-mail between Plaintiff and Mark Lackey. .  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants further object as it contains hearsay within hearsay.

- P-80. 6/3/15 E-mail from Plaintiff to Jeff Brooks. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-81. 6/6/15 Email from Plaintiff to Cathlyn Weidman, Felix O'Aku. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-82. 6/9/15 E-mail string between Joshua Buckingham of Paychex to Cathlyn Weidman, Plaintiff. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-83. Text messages. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object to authenticity under Fed. R. Evid. 901.

- P87. 6/12/15 E-mail string between Felix O'Aku and Plaintiff. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P88. E-mail from Plaintiff to Security Life. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-92. Route @monster.com to Felix O'Aku. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object to authenticity under Fed. R. Evid. 901

- P-97. Text messages. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants further object to authenticity under Fed. R. Evid. 901.

- P-103. E-mail from Plaintiff to Felix O'Aku. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it. Defendants also object to resume attached as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-107. E-mail between Stacee Charlton and Ms. Ciulla, both employees at Paychex, neither of whom is expected to be present at trial to testify with personal knowledge to the authenticity, veracity or reliability of this e-mail. None of the proposed witnesses has personal knowledge of this e-mail. It is inadmissible hearsay under Fed. R. Evid. 801 and 802.

- Handwritten notes. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

Defendants also object as it contains hearsay within hearsay.  Defendants also object to the authenticity of this exhibit under Fed. R. Evid. 901.

- P-110.  7/27/15 E-mail from Plaintiff to Doug Metzler. Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-111.  Meetingjobs.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants further object to authenticity under Fed. R. Evid. 901.

- P-112.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.  Defendants further object to authenticity under Fed. R. Evid. 901.

- P-116.  Defendants object to this Exhibit as it is hearsay under Fed. R. Evid. 801 offered to prove the truth of the matters contained within it.

- P-122-P125.  Audit reports for the Richard Allen Academy Community School, Montgomery County, Ohio from 2012.  Defendants object to these exhibits and testimony regarding these exhibits for the reasons set forth in Defendants' *Motion In Limine* previously filed on the subject.

### (b) Other Anticipated Legal Issues and Legal Authority:

Defendants have filed a Motion for Summary Judgment as to Counts I-III, which is pending before the Court.  The parties have reached an agreement to resolve Counts IV-VII.

Defendants have included a Jury Instruction on whether Plaintiff has shown she was "affected by pregnancy, childbirth or related medical conditions" which may need to be read to the jury depending on the Court's ruling in the Motion for Summary Judgment as to whether this is an issue for the jury.  Plaintiff disagrees with this Jury Instruction.

Defendants also have filed Motions *in Limine* with the Court to address the following, the legal authority for which is set forth in those motions:

(1)     evidence and testimony of Plaintiff's application for the position of Finance Director/Chief Financial Officer with Hendrix-ISA, LLC in January 2015, and any

evidence related to the consideration of applicants and the decision to hire Mr. Felix O'Aku to the position

(2) any evidence or legal conclusions characterizing actions of Defendants in responding to Plaintiff's misconduct, the fact that Mr. O'Aku instructed Plaintiff not to use a title, and Mr. O'Aku's instructing Plaintiff to focus on particular job tasks following her return from maternity leave as "harassment" or a "hostile work environment";

(3) written communications, including text messages, and conversations between Plaintiff and Ms. Anna Bass and other co-workers not present to testify; Defendants also object to the entry of these text messages based on hearsay, lack of authenticity;

(4) evidence related to Plaintiff's settled wage and hour claims; and

(5) evidence of Ms. Cathlyn Weidman's performance after she was hired to the Executive Assistant/Office Manager position in July 2015 (See Plaintiff's Exhibit P-115).

(6) evidence and testimony regarding Mr. O'Aku being identified in findings for recovery from a state special audit of Richard Allen Schools including but not limited to press release(s), articles, and reports and documents found on the Internet, (*see* Plaintiff's Exhibits P-122, P-123, P-124, P-125 and any deposition designations from Mr. O'Aku's deposition that have been marked "CONFIDENTIAL" and that pertain to this subject).

                                      Respectfully Submitted,

Date:  June 6, 2017                  BARLEY SNYDER

                                      BY:  /S/JILL S. WELCH
                                            Jill S. Welch,
                                            PA I.D. #86232
                                            Attorneys for Defendants Hendrix-ISA,
                                            LLC and Hendrix Genetics, LLC
                                            126 East King Street
                                            Lancaster, PA 17602
                                            Telephone:  (717) 299-5201

5642879.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, Defendants' Pretrial Memorandum, this 6th day of June, 2017, has been filed with the Court's ECF/CMF system and is available for downloading, and was served via electronic mail on:

Virginia Hardwick, Esquire
Tiffanie C. Benfer, Esquire
Jill L. Walsh, Esquire
Hardwick Benfer, LLC
179 North Broad Street
Doylestown, PA  18901
*Attorneys for Plaintiff*

Date:  June 6, 2017                                BARLEY SNYDER

BY:  /S/JILL S. WELCH
     Jill S. Welch,
     PA I.D. #86232
     Attorneys for Defendants Hendrix-ISA,
     LLC and Hendrix Genetics, LLC
     126 East King Street
     Lancaster, PA 17602
     Telephone:  (717) 299-5201

19